Good afternoon, Your Honor. I'm Paul Jorgensen. I'm representing Linda Hubbard. Linda Hubbard is a retired secretary that had worked for the Tobyhanna Army Depot for 22 years. Now, we have raised two issues in this case. The first issue is whether or not the opportunity under its own procedures to show that she had timely filed her pro se appeal of OPM's denial of her application for disability benefit. The second issue is whether the order of the judge complied with the standards for due process, where he had only provided her with 11 days to respond to his order and in light of the wording of the order. At a point, she never requested any more time, did she? No, she did not. And she didn't even answer the administrative judge's order. No, she did not. And I think part of that goes to the question of the order and whether or not it was calculated to provide her with the information it was required to. On its face, it is in fact defective. It does not say the date that the judge presumed that she had actually received this OPM decision. But even if the decision was defective in that way, she hasn't shown that she was prejudiced. Isn't that a problem? She was prejudiced because she never actually had any kind of a review of OPM's decision by the MSPB. But she hasn't made any showing that her filing was timely and that had she been provided with the notice that you claim she was entitled to receive, that she would have been able to establish that her filing was timely. In this case, Your Honor, what we have, the facts are the record in this case. And I went back and I looked at the OPM record that had been sent to the MSPB and I did not find any indication of when it actually either mailed or when she received the final decision. So there's actually no evidence it was untimely. What we have is we have the date of the decision, which is November, I believe it's November 5th, and we have the date of her filing of her appeal, which was March, early March, March 5th. So there's a four-month period there. But if you look at prior case law, it's been cited, what we'll find is that there's repeatedly instances where there's been MS or there have been final decisions that an applicant hasn't received it, sometimes for weeks, sometimes for months. One case that this court decided, which I think is very interesting, Cummerford versus Department of the Navy. I believe that was a decision by the Chief Judge at this point. We decide cases in panels of three. Pardon me? We decide cases in panels of three. Maybe the Chief Judge wrote it. Right. Well, she wasn't then, but anyway, that was a situation where there was actually a one-year period from the time the final decision was issued until the appeal was made. And in fact, the applicant in that situation had not received notice. Let me ask you something that troubles me about this. The Administrative Judge sent her an order to explain the various things and said, there's a question here whether your appeal is timely. And therefore, I want you to let me know by a certain stated date. One, whether you filed it within 30 days. And two, if you did not file it within 30 days in receipt, what is your excuse? Why should we waive that? He gets no response at all back from her. Why is it unreasonable for him to say, on the basis of what I've told her, it looks to me as though she has no excuse and it's untimely? Well, remember, the procedure, he didn't follow it. In Hamilton, this court specifically said, before you can dismiss on the grounds of untimeliness, you need to tell the applicant. And remember, we're dealing with a pro se applicant like many of these retirement-type cases. He's not a sophisticated litigant. Well, a pro se applicant still has to comply with orders that are issued. But you need to tell her when you're going to presume that the decision was received. That's notoriously absent in the order that he issued. If you look at it, it's on page 95 of our appendix. It only says, an appeal to the board must be filed no later than 30 days after the effective date of the action being challenged or 30 days after receipt of the agency's decision, whichever is later. And then it goes on to define how it may be waived. Even in the case you cite, the Hamilton case, we state failure to respond to an order of the board may result in dismissal. And what the actual holding of Hamilton, if I can just cite that, says, in addition, before undertaking the draconian action of dismissing an appeal on a finding of untimeliness, the AJ must have sufficient evidence which at least facially establishes that fact. The AJ had evidence only of the filing date, not the date of receipt which started the period line. That's the same situation as here. Before dismissal, the AJ could and should have asked both parties for such evidence. And then it goes on to say what has to be in there. Only knowing those dates, further the AJ must then inform the parties of the dates on which the AJ intends to rely to support the dismissal. Only by knowing those dates before a final order is issued can an appellant make a meaningful response by way of challenging the dates or showing good cause for the period of delay. Here, the judge just simply did not give her that information. But again, even if we accept that there was a technical impropriety, a procedural irregularity in this order, in the failure to inform her of the date that would be considered the start of the 30-day period, nonetheless, even on appeal, there's no averment or argument or any evidence to suggest that had she received that notification, she would have been able to establish that she did timely file. I mean, for example, the decision on reconsideration was dated, I believe you're right, November 5th. Well, let's suppose she received it on November 10th. Then certainly her filing was on time. We don't know whether that's the case or whether it took two or three months for her to get it. Now in Hamilton, of course, there was a long delay, but that's because the decision was sent to the wrong address. But here, my understanding from the record is that it was sent to the same address that she has now. Well, actually, the final decision does not, you know, it's a minor misspelling, but there's a misspelling of her street address. I don't know if that had an impact. But regardless, the point that I'm trying to make is that without any argument at all that she was prejudiced, then it's hard for us to conclude that this was anything other than harmless error. Well, Your Honor, we don't know until the OPM never provided their information. They were also ordered under the procedures that were adopted by the MSPB after Hamilton to provide information, and they did not. Now, they're going to be more likely to have the information. They didn't even provide an affidavit saying they mailed this decision. But she makes no claim that she never received it, does she? Pardon me? She doesn't contend that she never received the decision of the board of OPM, does she? No. She contends that she received it, and then she promptly went to her doctor and filed her appeal. I mean, she doesn't know the exact date she received it. She doesn't even know if she received it through the mail or it came through the agency, which had been helping her process this. I mean, now I'm going outside the record where she knows, because I've inquired. But she makes no claim. Let me ask you a different question on the case that troubles me. What is her claim on the merits? What does she claim was the error committed by OPM? That she is in fact disabled. Are you familiar with the Supreme Court's case in Lindahl? Yes. Doesn't Lindahl say that in dealing with retirement disability, the courts at least, in those days, that was before the board was created, the courts cannot review the merits of an OPM decision, but only can review extraordinary procedural problems. How would the board have any authority to review the decision on the merits of OPM that she was not disabled? Well, the board has appellate jurisdiction over OPM. It's an exception. I mean, under the way this is written. Yeah, right. There's an exception. Is it your argument that the Lindahl rule applies only to courts and not to adjudicative administrative agencies? Right. Is that your position? Because the way the statute was. Is that your position? Yeah, that would be our position. And that strikes me as an extraordinary position that the courts, the Congress gave the courts less authority than it gave to administrative agencies. Well, it's in, I believe it's Section 8461, Authority of the Office of Personnel Management over Retirement Decisions, which says that the decisions of the office are final and conclusive under Section 8461D, except to the extent provided under Subsection E. And Subsection E provides that an administrative action or order may be appealed to the MSPB under procedures prescribed by the board. And so that's where there's a limited review by the board that's specific. Limited to what? It's to an appellate review by the board of the OPM decision. Of the merits? And that's what she lost here. No, but you said this review by the board may review the merits of OPM's decision denying a retirement disability. Certainly. Has the board ever so held? Has the board ever what? So held? Your Honor, I really didn't get into that issue. Okay, right. You're going beyond my area of expertise. Okay, I understand. You're not prepared to answer that question. Right. And I know there was a recent decision by this court, which is very interesting, which seemed to, I think it was Espin. Espin? No, that's not it. Is it on point? Well, it is on point to that. The only other thing I wanted to say, I see my time's almost up, Your Honor, but we end up with these timeliness issues here. Getting into a very complex area where a party is expected to come up, if in fact they're late, they have a chance to show that there's a reason for it. And to put on specific evidence. I think it's a Lacey decision, which we've cited in our briefs. The MSPB has said there's three things that a litigant needs to show to do that. And it's complex. And my only point is this, is that typically when somebody has a right to an appeal or a right to a trial, all we have to do is file a notice of appeal. We have 30 days to do that. Here she was given 11 days to decide or come up with complex information. This is somebody out in Pennsylvania in an Army depot. There are not lawyers that really understand these matters. It's difficult to even find counsel. The period of time that she was given to respond to the judge's order was a denial of due process. It certainly is inconsistent with the kinds of time periods that are typically provided to respond to things that are going to make a difference of whether a case proceeds or not. Thank you very much. We'll give you two minutes of rebuttal if you wish. I'm sorry, pardon me? We'll give you two minutes of rebuttal if you wish. All right, thank you. Mr. Mullen. May I please report? In this case, the petitioner had notice from OPM of her time before appealing. She also had notice from the judge that she had the burden of proof on the issue. She made no response at all. What about the Hamilton rule? Her principal reliance is on the Hamilton rule. The Hamilton case is a quite different case where the appellant did file. She made a good faith effort, the court said, to reply to the board. But in that case, the court found that she was misled by a defective timeliness notice, which led her to believe that the principal issue was the date of her filing, not the date of receipt of the decision. And the judge had used presumptions as to that. And she wasn't told of that. And in that case, she had signed for the decision. She knew when she had received it. If she realized it was an issue, she would certainly have submitted something. And the court was understandably upset about that. And on petition for review, she obtained it. But the board, evidently believing that she was late, denied review. And the court then said, oh, she should be excused because of this defective notice that she was responding to. And they said, as a general matter, judges should inform the parties as to the presumed dates they're using. Now, in this case, the judge would do that. That wasn't done in this case. That wasn't done in this case. However, this case really doesn't fit very well in the model of the purpose of that, which is to— Is your argument that the administrative judge didn't do anything wrong in not giving her that information? No, no. Or is your argument that maybe he did something wrong, but she hasn't been prejudiced by it? That's my argument, of course. But I'm trying to explain that if you look at the reason for this ruling, which is to alert someone that if they received it later, they're going to need to put something in and prove it, which Ms. Hampton was not able to do because of the way it was done there. Now, in this case— Here, there's no offer of any—she made no response to the board. And then, in court, she is not claimed that she would have been timely. And moreover, in her reply brief, it states that she has no present memory of when she received it. Now, in this case, she did not respond to the order to show cause. Right. But she wasn't dismissed for that—her case was not dismissed for failure to respond. No, no, it was dismissed as untimely, based on the presumption, presumably, that a decision is received within five days of mailing, and the date of the decision is presumed to be the date of mailing. And even if any of those dates had slipped a little, she was 120 days late, and she offered no explanation. The presumption of five days after mailing is triggered by some evidence that there was indeed a mailing on a certain date. Right. Here, there was no evidence, or even any statement, that this was ever mailed. Well, she concedes that she received it, I understand. That's not my point. It could have been received in some other way, that's correct. My point is that the AJA's order to show cause doesn't say it was mailed on such and such a date, see attached affidavit, or whatever. It just simply says there was a decision dated. Right, that's correct. I take it the AJA basically left it to her to come back and say one of two things. One, I actually sent in my notice of appeal within 30 days of the time I received notice, or two, it's been more than 30 days, but you should waive it because— And here are my excuses. And she didn't— She didn't either. And under those circumstances, the error by the judge simply can't be seen as harmful. If she has no evidence at all that perhaps she was timely, and it doesn't even mean— We don't know what evidence she's got because she hasn't— Because she hasn't, right. If she had the chance, she'd come up with some very convincing evidence. Well, she might have good evidence as to her reason for being late, certainly. But she didn't, and she now states that she has no memory of when she received it, but she does acknowledge that she received it. And under these circumstances, it was reasonable for the judge to dismiss the case as untimely based on general presumptions of how long the mail takes or how— Does he have to get into that? Why couldn't he reasonably assume when she didn't respond that she had no answer, i.e., she could not say that she had received it less than 30 days, and she had no justification for her delay, without deciding whether it was delivered in five days, presumably, or not, it was clear that she hadn't filed— He could assume from what happened that she had not filed a timely appeal. That's what he did. On your other comment, I just wanted to mention that the board does review disability determinations of OPM on the merits. It does? Yes. It doesn't consider that Lindahl concludes it? No, Lindahl, I think, actually affirms their right to it. At least it only applies to the court's limited review and not to the board's. And not having focused on that issue, I'm not prepared to cite the cases, but that's my understanding. And that limitation probably wouldn't apply to issues of timeliness either. The limitation on the courts. Yeah. Do you have nothing else? Fine with us. No penalty for giving up time. Mr. Jorgensen, we'll give you two minutes for rebuttal. Your Honor, really the case is about timeliness as before this court. And my client, Ms. Hubbard, did suffer prejudice because she didn't have a full adjudication of this issue. She didn't have a chance in our submission because of the type of notice. And Your Honors can look at it. I mean, if you look at the notice and the terms that are used, this is what we learn in law school. Burdens of proof and presumptions and the things that are stated there. It's just unrealistic to expect a pro se litigant such as Ms. Hubbard to reasonably understand what's being put forward there. And that's why we get to the due process arguments. We've cited some cases from both the Supreme Court and the U.S. Court of Appeals for the Ninth Circuit. That certain clients, when you're looking at substantive, when you're looking at procedural matters that are impairing substantive rights. And in this case, I think my brother candidly conceded that there was a right to an appeal if it was timely filed. And to have this matter reviewed on the merits. That that is in fact can be a deprivation of due process without showing specific prejudice. And we would rest on that, Your Honor. Thank you very much. Thank you, Mr. Jorgensen. The case will be taken under revising. Thank you.